### No. 451

### BRUCE, Exr. v. WARREN

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2778. Decided March 1, 1926

1271. WILLS—1. In construing part of will, the whole will be searched to arrive at the manifest intention of testator, and part will be construed in conformity therewith.

2. Devise to "A and to children of B living at my decease, and to issue of any deceased child of B, such issue to take by right of representation" construed to be per capita distribution among A and the children of B.

HAMILTON, J.

This is an action for the construction of the residuary clause of a will, said residuary clause being as follows:

"The residue of my estate, I bequeath and devise to Arthur Kirke Warren, the son of my half sister, the late Mrs. Samuel Warren, and to the children of John H. Howe, late of Rochester, N. Y., living at my decease, and to the issue of any deceased child of said

John H. Howe, such issue to take by right of representation."

Warren contends that according to this clause he takes one half of the residuary estate and the children of Howe take the other half as a class.

At the death of testatrix there were relict three children of John Howe, and these assert that the residuary estate be divided into four parts, each devisee to share equally. On appeal from judgment of the Hamilton Common Pleas, the Court of Appeals held:

1. A will must be searched for the manifest intention of testator and parts of it construed to conform to that intention.

2. It seems, from other portions of the will that the intention was to make an equal division among persons named in the residuary clause.

3. If the intention had been to devise to the children as a class, such designation would have been made in express terms.

4. Decree for division of estate into four parts, one to Warren, and one to each of children of Howe.

Judgment accordingly.

Attorneys—M. C. Slutes, for Bruce; C. J. McDiarmid, Joseph O'Meara, Jr., Dolle, O'Donnell & Geisler for Bruce and A. D. Cash, for Warren et; all of Cincinnati.